UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID ARMANDO BUTLER,

    Petitioner,

v.                                              Case No. 8:10-cv-2442-T-17AEP

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

## ORDER

David Armando Butler filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges his sentence for possession of cocaine, which arises of the Sixth Judicial Circuit, Pinellas County, Florida, in case no. CRC02-2681CFANO. (Doc. 1)

## BACKGROUND

David Butler was charged in case no. CRC02-2681CFANO with possession of cocaine. Electing to represent himself, Butler proceeded pro se to jury trial on July 25, 2002, and was convicted as charged. Adjudicated guilty in accordance with the verdict, Butler was sentenced to five years incarceration. The state court orally pronounced that his sentence ran consecutively to his sentence in case no. CRC98-10959CFANO. The written judgment however, reflected that the sentence ran concurrent, not consecutive.

Butler pursued direct review, pro se. On February 6, 2004, the state appellate court per curiam affirmed Butler's conviction and sentence in case no. 2D02-4982. *Butler v. State*, 873 So. 2d 329 (Fla. App. Dist. 2004) [table]. Rehearing was denied March 18, 2004.

Butler filed a pro se motion for postconviction relief dated November 16, 2004, under Florida Rule of Criminal Procedure 3.850. By order rendered February 15, 2005, the postconviction court denied the rule 3.850 motion without an evidentiary hearing. Butler appealed the summary denial, and on August 17, 2005, the state district court per curiam affirmed without written decision in case no. 2D05-1616. *Butler v. State*, 910 So. 2d 265 (Fla. App. Dist. 2005)[table]. The mandate issued September 12, 2005.

Butler filed a pro se petition for writ of habeas corpus dated November 1, 2005, pursuant to 28 U.S.C. § 2254 in case no. 8:05-cv-2133-17TBM. Following denial of the first-filed petition (entered April 3, 2009), *Butler v. Secretary, Dept. of Corrections*, 2007 WL 4247942 (M.D. Fla. 2007)(unpublished), the Eleventh Circuit remanded for this Court to address one ground. *Butler v. McNeil*, 296 Fed.Appx. 903 (11th Cir. 2008)(unpublished). After denial thereof by order rendered April 3, 2009, Butler unsuccessfully pursued a certificate of appealability. The Eleventh Circuit denied Butler's application in case no. 09-12373-G.

Meanwhile, on the state side, Butler's written judgment had been corrected on January 25, 2006, to conform to the oral pronouncements at his 2002 sentencing. More particularly, his written judgment was amended to reflect that his sentence ran consecutive to his sentence in case no. 98-10959. (Resp. Ex. 1, V 1 R 73). Butler filed a pro se motion to correct illegal sentence dated December 20, 2006, in which he challenged the correction of his judgment. The initial denial of his rule 3.800(a) motion was reversed. The decision provides, in relevant part:

> David A. Butler appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The "sentence" Mr. Butler seeks to correct actually consists of handwritten

amendments to his initial sentencing documents, apparently made by nonjudicial government employees without notice to Mr. Butler. The amendments changed the documents to indicate that the sentence was to be served consecutively to sentences in another case, rather than concurrently. Although this amendment may be the sentence intended by the judge who orally imposed it, we are not convinced that this document is actually a "sentence." Nevertheless, it appears that the Department of Corrections is treating it as such. We therefore reverse and remand for further proceedings.

Mr. Butler appeared for sentencing in case number CRC98-10959CFANO-D and case number CRC02-02681CFANO-D on October 25, 2002. Our record contains a transcript of that hearing at which Judge Philip J. Federico presided. Assuming the transcript is accurate, and we have no reason to doubt its accuracy, Mr. Butler received four five-year sentences of incarceration. Three of the sentences were imposed in case number CRC98-10959CFANO-D, with the second sentence being concurrent with the first and the third sentence being consecutive, so that the total sentence imposed was ten years' imprisonment. A final sentence was imposed in case number CRC02-02681CFANO-D, which was announced as a five-year sentence consecutive to the sentences in case number CRC98-10959CFANO-D. Thus, the sentences, as announced in the transcript, totaled fifteen years' imprisonment. However, the written sentence prepared after that hearing in case number CRC02-02681CFANO-D provided that the five-year sentence in that case would run concurrently with the sentences in case number CRC98-10959CFANO-D.

In 2004, Mr. Butler filed a postconviction motion in case number CRC98-10959CFAMO-D challenging the consecutive sentences in that case, arguing that they were improper because the crimes occurred in a continuous criminal transaction. *See Butler v. State*, 917 So.2d 244 (Fla. 2d DCA 2005)(reversing the summary denial of this claim as untimely and remanding for further proceedings). That motion was ultimately denied by the trial court on the merits, and that order was affirmed by this court. *Butler v. State*, 931 So.2d 910 (Fla. 2d DCA 2006) (table decision). It appears these proceedings did not challenge or involve the sentence in case number CRC02-02681CFANO-D.

On January 25, 2006, however, for reasons not explained by our limited record, "JMH," who apparently is an employee in the office of the clerk of court, scratched through the typed word "concurrent" in Mr. Butler's sentence in CRC02-02681CFANO-D and inserted the handwritten word "consecutive." Another person whose initials are difficult to read wrote "record to amend cons and concurrent counts and cases" on the face of the judgment. It is these changes in the written judgment and sentence that Mr. Butler is attempting to challenge with his motion to correct an illegal

3

sentence.

The circuit court denied Mr. Butler's motion, claiming that the amendment was merely a correction of a scrivener's error. The judge who denied this motion was not the sentencing judge and simply relied on the transcript. We are concerned because the changes in Mr. Butler's sentence were apparently made by nonjudicial government employees without any motion from the State and without notice or opportunity to be heard afforded to Mr. Butler. He was entitled to representation by counsel when his sentence was entered. If these handwritten notations are deemed to be an amended sentence, he was probably entitled to representation by counsel when the amendments were entered and should have been informed of a right to file a direct appeal from the amended sentence.

The written sentence was entered on October 25, 2002. Mr. Butler received 252 days of jail credit in that sentence, and that credit was not altered by the handwritten changes. It is possible that Mr. Butler is correct in maintaining that he has fully served the sentence delivered to the Department of Corrections with his commitment papers and that under these circumstances the sentence could not be legally transformed into a consecutive sentence by a clerk in 2006 or by a judge in 2008. FN1 We candidly are not certain whether this odd set of facts fits within the usual definition of an illegal sentence. We conclude, however, that the trial court's order does not resolve serious due process issues that Mr. Butler timely raised when he became aware of the purported amendment to his sentence. Accordingly, we reverse the order on appeal and remand for further proceedings. FN1

> FN1. Compare *Dellums v. State*, 969 So.2d 544 (Fla. 2d DCA 2007), with *United States v. Easterling*, 157 F.3d 1220 (10th Cir. 1998). We do not decide this issue at this time because the circuit court has not had the opportunity to address it.

> FN1. At this court's request, the response from the State provided copies of the sentences in case number CRC98-10959CFAMO-D. These sentences show a similar amendment on January 25, 2006, that entirely eliminated the section on consecutive/concurrent sentencing. The legality and effect, if any, of this amendment is unclear to this court, but it may be a matter that the trial court should consider on remand.

Reversed and remanded.

*Butler v. State*, 973 So. 2d 677, 677-79 (Fla. App. Dist. 2008).

On remand, evidentiary proceedings were scheduled for May 29, 2008. At the hearing, Butler did not offer testimony. After hearing argument and reviewing the state record, the trial court amended Butler's written judgment only to reflect that his sentence ran consecutive to his 1998 case. The correction was nunc pro tunc to October 25, 2002, when Butler's sentence was orally pronounced.

Butler again appealed, pro se, and on March 6, 2009, the state appellate court affirmed with citation only in case no. 2D08-3190. *Butler v. State*, 10 So. 3d 644 (Fla. App. Dist. 2009), citing *Drumwright v. State*, 572 So. 2d 1029, 1030-31 (Fla. App. Dist. 1991). Rehearing was denied on June 24, 2009.

On May 4, 2010, Butler filed a pro se petition for writ of habeas corpus in the Florida Supreme Court, which was denied as procedurally barred on July 27, 2010. The decision provides, in relevant part, as follows:

> The petition for writ of habeas corpus is hereby denied as procedurally barred. A petition for extraordinary relief is not a second appeal and cannot be used to litigate or relitigate issues that were or could have been raised on direct appeal or in prior postconviction proceedings. See *Denson v. State*, 775 So.2d 288, 290 (Fla. 2000); *Breedlove v. Singletary*, 595 So.2d 8, 10 (Fla. 1992). *Bulter v. McNeil*, 2010 WL 2983018, 1 (Fla. 2010).

Butler then filed the present 28 U.S.C. § 2254 petition for writ of habeas corpus.

## STANDARD OF REVIEW

### The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of

5

law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

**DISCUSSION**

Butler contends his sentence was increased when his judgment was amended to reflect that his sentence ran consecutively to his other sentence. According to Butler, the alleged increase ran afoul of the proscription against double jeopardy. He raised his ground in his second direct appeal. This claim has no merit.

The protection against double jeopardy provided by the Fifth Amendment does not extend to noncapital resentencing proceedings. *See Monge v. California*, 524 U.S. 721, 724, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998). Moreover, a court may always correct an illegal sentence to make the sentence conform to the statutory minimum or to the original intent of the sentencing judge without violating the double jeopardy clause. *Bozza v. United States*, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947). Courts also have the power and duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake. *See Gagnon v. United States*, 193 U.S. 451, 453 (1904).

At the May 29, 2008, hearing, the state judge stated that he had given Butler consecutive sentences, and unbeknownst to the state judge, the written judgment reflected that Butler's sentences were concurrent. (Resp. Ex. R 83). Butler did not dispute these findings. Instead, he asserted that a sentence cannot be increased once he commences

service of the sentence. (Resp. Ex. 1, V 1 R 92, 100) However, the state judge made clear he was not changing Butler's sentence. (Resp. Ex. 1, V 1 R 104). Rather, the judgment was amended only to make clear that the sentence imposed in 2002 is the sentence Butler continues to serve. Id.

Butler does not overcome the presumption of correctness of the state court's findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Given the required deference to the state court's findings, Butler cannot demonstrate his sentence was increased. Moreover, Butler cannot shield himself from correction of a misstep in rendition of the written sentence. The correction merely comported with the state court's oral pronouncements at sentencing. The constitutional doctrine of double jeopardy was never intended to make sentencing a game. *Bozza,* 330 U.S. at 166-67 ("[t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner"). The affirmance in Butler's second direct appeal was not contrary to, nor an unreasonable application of, federal law as determined by the Supreme Court. Nor does the state decision entail an unreasonable determination of the facts in light of the evidence. Based on the foregoing reasoning, the present petition does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Butler's petition is denied. The Clerk is directed to enter judgment against Butler and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of

the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 3, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
David Armando Butler